UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-22059-FAM

JORGE L MENDEZ, FELIPE RAUL LA ROSA, PEDRO GARCIA PEREZ and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

vs.

INTEGRATED TECH GROUP, LLC,

        Defendant.

# FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS[1]

Plaintiffs, JORGE L MENDEZ, FELIPE RAUL LA ROSA, and PEDRO GARCIA PEREZ on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendant, INTEGRATED TECH GROUP, LLC, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant, INTEGRATED TECH GROUP, LLC, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), to date and, as such, the 21 day period has not commenced.

the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendant has employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

8. Plaintiff JORGE L MENDEZ worked for Defendant as a cable installer/technician from on or about August 20, 2015 through the present and ongoing.

9. Plaintiff FELIPE RAUL LA ROSA worked for Defendant as a cable installer/technician from on or about August 15, 2015 through the present and ongoing.

10. Plaintiff PEDRO GARCIA PEREZ worked for Defendant as a cable installer/technician from on or about January 21, 2016 through the present and ongoing.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

12. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act (i.e. cable wires, splicer, cable testers, wire connectors, pliers, etc.).

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, 2016, and 2017.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2018 and is expected to exceed $500,000 for the year 2018.

15. Plaintiffs are proceeding under the theory of enterprise coverage and individual coverage as individual coverage also applies to Plaintiffs' work.

16. As set forth in *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266-1267 (11th Cir. Fla. 2006,

    > The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S. Ct. 1248, 87 L. Ed. 1538. [**6]  Therefore, HN5 for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

17. Plaintiffs were "engaged in commerce" as Plaintiffs were directly participating in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce (e.g., communication industry employees) and by regularly using the instrumentalities of interstate commerce in Plaintiffs' work (e.g. regularly and recurrently utilizing cable wires on interstate highways and public streets).

18. Between the period of on or about August 20, 2015 through on or about December 31, 2017, Plaintiff JORGE L MENDEZ worked an average of 72 hours a week for Defendant and was paid an average of $10.42 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

19. Between the period of on or about January 1, 2018 through the present and ongoing, Plaintiff JORGE L MENDEZ worked an average of 66 hours a week, including on-call hours, for Defendant and was paid an average of $11.36 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

20. Between the period of on or about August 15, 2015 through on or about November 2, 2017,

Plaintiff FELIPE RAUL LA ROSA worked an average of 72 hours a week for Defendant and was paid an average of $10.42 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

21. Between the period of on or about January 21, 2016 through the present and ongoing, Plaintiff PEDRO GARCIA PEREZ worked an average of 72 hours a week for Defendant and was paid an average of $10.42 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

22. Plaintiffs acknowledge that Plaintiffs' paystubs do reflect that Defendant paid some overtime, but not all overtime and not based on the correct rate of pay based on the actual hours worked by Plaintiffs. *See,* 29 C.F.R. § 778.109; *See also,* 29 C.F.R. § 778.112.

23. Defendant willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any

other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

                                              Respectfully Submitted,

                                              J.H. Zidell, Esq.
                                              J.H. Zidell, P.A.
                                              Attorney For Plaintiff
                                              300 71st Street, Suite 605
                                              Miami Beach, Florida 33141
                                              Tel: (305) 865-6766
                                              Fax: (305) 865-7167

                                              By:__/s/ J.H. Zidell_____
                                                    J.H. Zidell, Esq.
                                             Florida Bar Number: 0010121