UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22059-CIV-FAM

JORGE L MENDEZ, FELIPE RAUL LA )
ROSA, PEDRO GARCIA PEREZ, )
YOSLANDY SAN MARTIN and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                                     )
                Plaintiffs, )
    vs. )
                               )
INTEGRATED TECH GROUP, LLC, )
                               )
                Defendant. )
_____ )

## SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND MINIMUM WAGE VIOLATIONS

Plaintiffs, JORGE L MENDEZ, FELIPE RAUL LA ROSA, and PEDRO GARCIA PEREZ on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendant, INTEGRATED TECH GROUP, LLC, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant, INTEGRATED TECH GROUP, LLC, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendant has employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

8. Plaintiff JORGE L MENDEZ worked for Defendant as a cable installer/technician from on or about August 20, 2015 through the present and ongoing.

9. Plaintiff FELIPE RAUL LA ROSA worked for Defendant as a cable installer/technician from on or about August 15, 2015 through the present and ongoing.

10. Plaintiff PEDRO GARCIA PEREZ worked for Defendant as a cable installer/technician from on or about January 21, 2016 through the present and ongoing.

11. Plaintiff YOSLANDY SAN MARTIN worked for Defendant as a cable installer/technician from on or about May 6, 2016 through the present and ongoing.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

13. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act (i.e. cable wires, splicer, cable testers, wire connectors, pliers, etc.).

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, 2016, and 2017.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2018 and is expected to exceed $500,000 for the year 2018.

16. Plaintiffs are proceeding under the theory of enterprise coverage and individual coverage as individual coverage also applies to Plaintiffs' work.

17. As set forth in *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266-1267 (11th Cir. Fla. 2006,

> The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S. Ct. 1248, 87 L. Ed. 1538. [**6]  Therefore, HN5for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

18. Plaintiffs were "engaged in commerce" as Plaintiffs were directly participating in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce (e.g., communication industry employees)and by regularly using the instrumentalities of interstate commerce in Plaintiffs' work (e.g. regularly and recurrently utilizing cable wires on interstate highways and public streets).

19. Between the period of on or about August 20, 2015 through on or about December 31, 2017, Plaintiff JORGE L MENDEZ worked an average of 72 hours a week for Defendant and was paid an average of $10.42 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

20. Between the period of on or about January 1, 2018 through the present and ongoing, Plaintiff JORGE L MENDEZ worked an average of 66 hours a week, including on-call hours, for Defendant and was paid an average of $11.36 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

21. Between the period of on or about August 15, 2015 through on or about November 2, 2017,

Plaintiff FELIPE RAUL LA ROSA worked an average of 72 hours a week for Defendant and was paid an average of $10.42 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

22. Between the period of on or about January 21, 2016 through the present and ongoing, Plaintiff PEDRO GARCIA PEREZ worked an average of 72 hours a week for Defendant and was paid an average of $10.42 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

23. Between the period of on or about June 6, 2016 through the present and ongoing, Plaintiff YOSLANDY SAN MARTIN worked an average of 68 hours a week for Defendant and was paid an average of $7.08 per hour but was not paid the extra half time rate for all hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week.

24. Plaintiffs acknowledge that Plaintiffs' paystubs do reflect that Defendant paid some overtime, but not all overtime and not based on the correct rate of pay based on the actual hours worked by Plaintiffs. *See,* 29 C.F.R. § 778.109; *See also,* 29 C.F.R. § 778.112.

25. Defendant willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION AS TO PLAINTIFF, YOSLANDY SAN MARTIN, AGAINST DEFENDANT

COMES NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-25 above and further states:

26. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

27. Between the period of on or about June 6, 2016 through the present and ongoing, Plaintiff YOSLANDY SAN MARTIN worked an average of 68 hours a week for Defendant. Plaintiff

was paid $7.08/hr for said work in violation of the Fair Labor Standards Act as said payment of $7.08/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $7.08/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

28. The Defendants wage payment practices to Plaintiff YOSLANDY SAN MARTIN for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

29. Defendants willfully and intentionally refused to pay Plaintiff YOSLANDY SAN MARTIN's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff YOSLANDY SAN MARTIN requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
  Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/20/18 TO:**

**LAURA E. PRATHER, ESQ.
ASHWIN R. TREHAN, ESQ.
JACKSON LEWIS, P.C.
WELLS FARGO CENTER
100 S. ASHLEY DRIVE, SUITE 2200
TAMPA, FLORIDA 33602
PH: (813) 512-3210
FAX: (813) 512-3211
E-MAIL: LAURA.PRATHER@JACKSONLEWIS.COM
ASHWIN.TREHAN@JACKSONLEWIS.COM**