**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:18-CV-22059**

**JORGE L. MENDEZ, FELIPE RAUL LA**
**ROSA, PEDRO GARCIA PEREZ,**
**YOSLANDY SAN MARTIN, and all others**
**similarly situated under 29 U.S.C. 216(b),**

     **Plaintiffs,**

**v.**

**INTEGRATED TECH GROUP, LLC,**

     **Defendant.**

_____/

**DEFENDANT INTEGRATED TECH GROUP, LLC'S ANSWER AND**
**DEFENSES TO SECOND AMENDED COMPLAINT OF PLAINTIFFS JORGE L.**
**MENDEZ, FELIPE RAUL LA ROSA, PEDRO GARCIA PEREZ, AND**
**YOSLANDY SAN MARTIN**

Defendant, Integrated Tech Group, LLC ("Defendant"), through counsel and

pursuant to the Federal Rules of Civil Procedure, files its Answer and Defenses to the

Second Amended Complaint filed by Plaintiffs Jorge L. Mendez, Felipe Raul La Rosa,

Pedro Garcia Perez, and Yoslandy San Martin ("Plaintiffs"), and responds to the

correspondingly-numbered paragraphs as follows:

1.     Defendant acknowledges that Plaintiffs seek relief under the Fair Labor

Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), but denies that Plaintiffs are entitled to

any relief.  Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Defendant is without knowledge sufficient to either admit or deny the

allegations in this paragraph; therefore, Defendant denies the allegations.

3.      Admitted only that Defendant transacts business within Dade County, Florida and employed Plaintiffs.  Otherwise, denied.

4.      Admitted for venue and/or jurisdictional purposes only; otherwise, denied.

## COUNT I. ALLEGED FEDERAL OVERTIME WAGE VIOLATION

5.      Admitted only that, as a purported FLSA action, this action arises under the laws of the United States, and that Plaintiffs purport to bring this as a collective action. Otherwise, denied.

6.      Admitted.

7.      Defendant states that the statute speaks for itself.

8.      Admitted only that Plaintiff Jorge L. Mendez has worked for Defendant as a technician and is a current employee.  Otherwise, denied.

9.      Admitted only that Plaintiff Felipe Raul La Rosa has worked for Defendant as a technician and is a current employee.  Otherwise, denied.

10.     Admitted only that Plaintiff Pedro Garcia Perez has worked for Defendant as a technician and is a current employee.  Otherwise, denied.

11.     Admitted only that Plaintiff Yoslandy San Martin has worked for Defendant as a technician and is a current employee.  Otherwise, denied.

12.     Admitted only that the FLSA applies to Defendant.  Otherwise, denied.

13.     Admitted only that Defendant is an enterprise covered under the FLSA. Otherwise, denied.

14.     Admitted.

15.     Admitted.

16.     Defendant is without knowledge sufficient to either admit or deny the allegations in this paragraph; therefore, Defendant denies the allegations.

17.     Defendant states that the cited case speaks for itself.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

In response to the unnumbered WHEREFORE clause following paragraph 25 of the Complaint, Defendant denies all factual allegations and denies that Plaintiffs are entitled to any of the requested relief.

## COUNT II. ALLEGED FEDERAL MINIMUM WAGE VIOLATION AS TO PLAINTIFF, YOSLANDY SAN MARTIN, AGAINST DEFENDANT

26.     Defendant states that the statute speaks for itself, and that the remaining allegations in Paragraph 26 are matters of public record.

27.     Denied.

28.     Denied.

29.     Denied.

In response to the unnumbered WHEREFORE clause following paragraph 29 of

the Complaint, Defendant denies all factual allegations and denies that Plaintiffs are entitled to any of the requested relief.

## JURY DEMAND

Defendant acknowledges that Plaintiffs have demanded a jury trial, but denies that Plaintiffs are entitled to any judgment or relief sought in their Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove. In addition, Defendant is continuing to investigate Plaintiffs' allegations; therefore, it reserves the right to amend this Answer and Defenses consistent with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations contained in Plaintiffs' Complaint are hereby denied.

## STATEMENT OF DEFENSES

As separate and distinct defenses to Plaintiffs' Complaint, Defendant alleges the following:[1]

---

[1] By asserting these defenses, Defendant does not intend to shift the applicable burden of proof regarding Plaintiffs' claims.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant to the extent Plaintiffs have failed to allege specific facts to support each and every element of their claims.

## SECOND DEFENSE

Plaintiffs' claims for relief are barred to the extent Plaintiffs seek damages not permitted under the applicable law or that are in excess of the limits imposed by applicable law.

## THIRD DEFENSE

Plaintiffs are not entitled to recover liquidated damages, costs, or attorney's fees because Defendant acted in good faith and at no time during their employment or thereafter until the filing of this lawsuit did Plaintiffs ever allege or bring to Defendant's attention the fact that Plaintiffs felt they were owed any additional overtime pay.

## FOURTH DEFENSE

Any recovery by Plaintiffs and/or Plaintiffs' damages, if any, must be offset by (1) any amounts Defendant paid Plaintiffs for hours which were not actually worked by Plaintiffs, including vacation and/or sick/medical leave, or for periods of time during which Plaintiffs were otherwise absent from the workplace during that week including during holidays and other functions voluntarily attended; and (2) any other overpayments made by Defendant to Plaintiffs.

## FIFTH DEFENSE

To the extent Plaintiffs were entitled to overtime that was not paid, Plaintiffs are not entitled to any overtime worked by Plaintiffs beyond their compensated workweek that was *de minimis*.

## SIXTH DEFENSE

Defendant did not willfully and with intent deprive Plaintiffs of any wages or pay to which Plaintiffs were entitled to under the FLSA.

## SEVENTH DEFENSE

Plaintiffs' claims are barred or limited to the extent any overtime obligations or unpaid wages were paid, satisfied or released.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis that, in the event Defendant violated the FLSA, Defendant's actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless and therefore Plaintiffs are only entitled to recover lost wages from the date of the verdict back to no more than two years before they filed this lawsuit.

## NINTH DEFENSE

To the extent that Plaintiffs or any putative collective has agreed to arbitrate any or all of the claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiffs or the putative collective member should be compelled to arbitrate.

## TENTH DEFENSE

There are no current or former individuals that are similarly situated or otherwise eligible to participate in a class, collective, or other mass action.

## ELEVENTH DEFENSE

Plaintiffs' request for collective treatment should be denied in that Plaintiffs and the members of the putative collective are not similarly situated and therefore, Plaintiffs cannot meet the requirements for collective treatment pursuant to § 216(b) of the FLSA.

## TWELFTH DEFENSE

Because liability may be not determined by a single jury on a collective-wide or class-wide basis, allowing this action to proceed as a collective or class action would violate Defendant's rights to a jury trial under the Seventh Amendment.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs are seeking compensation for time which is non-compensable and/or non-working time.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrine of laches.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrine of waiver.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrine of estoppel.

### SEVENTEENTH DEFENSE

If the facts, as determined at trial, reveal that one or both of the Plaintiffs were engaged in efforts to alter their own time records or the time records of others, or in any other way violated the established policies of Defendant with regard to employment practices, that Plaintiff should be estopped from recovering on his claim.

### EIGHTEENTH DEFENSE

If the facts, as determined at trial, reveal that one or both Plaintiffs reported to Defendant that he had been correctly and fully paid for all time worked, that Plaintiff should be estopped from recovering on any claim of uncompensated wages.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrines of accord, satisfaction, and/or accord and satisfaction.

### TWENTIETH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

### TWENTY-FIRST DEFENSE

To the extent discovery reveals that either or both of the Plaintiffs falsely reported his or their hours and there is no evidence that Defendant required the false reporting of hours and no evidence that Defendant knew or should have known that the false reporting

was occurring, Defendant invokes the doctrine of estoppel to bar Plaintiffs' claims.  *See*

*Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

## TWENTY-SECOND DEFENSE

Defendant reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered and responded to the allegations in

Plaintiffs' Complaint, Defendant respectfully requests:

> a.    Plaintiffs' claims be stricken or dismissed with prejudice;
>
> b.    Each and every prayer for relief in Plaintiffs' Complaint be denied;
>
> c.    Judgment be entered in favor of Defendant;
>
> d.    All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiffs; and
>
> e.    Defendant be granted such other and further relief as this Court deems just and appropriate.

Dated: July 25, 2018.

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Ashwin R. Trehan*
Laura E. Prather, B.C.S.
Florida Bar No.: 870854
LEAD TRIAL COUNSEL
Email: laura.prather@jacksonlewis.com
Ashwin R. Trehan, Esq.
Florida Bar No: 42675
E-mail:ashwin.trehan@jacksonlewis.com
Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:    813-512-3210

CASE No: 1:18-cv-22059

Facsimile:      813-512-3211

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Ashwin R. Trehan*
Attorney

CASE No: 1:18-cv-22059

## SERVICE LIST
**Jorge L. Mendez, Felipe Raul La Rosa, Pedro Garcia, et al.**
**v. Integrated Tech Group, LLC**
**United States District Court**
**Southern District of Florida**

### _Via CM/ECF_

J. H. Zidell, Esq.
zabogado@aol.com
Rivkah Jaff, Esq.
rivkah.jaff@gmail.com
**J. H. ZIDELL, P.A.**
300 71st Street
Suite 605
Miami Beach, FL  33141

_Attorneys for Plaintiffs_

Ashwin R. Trehan, Esq.
Ashwin.trehan@jacksonlewis.com
Laura E. Prather, B.C.S.
Laura.prather@jacksonlewis.com
**JACKSON LEWIS P.C.**
100 South Ashley Drive
Suite 2200
Tampa, Florida  33602

_Attorneys for Defendant_

4824-4668-9646, v. 1