UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-22059-CIV-LOUIS

**CONSENT CASE**

JORGE L. MENDEZ, FELIPE RAUL
LA ROSA, PEDRO GARCIA PEREZ,
YOSLANDY SAN MARTIN and all
others similarly situated under 29
U.S.C. 216(b)

       Plaintiffs,

vs.

INTEGRATED TECH GROUP, LLC

       Defendant.

_____/

**PLAINTIFFS' VERIFIED MOTION FOR ATTORNEYS' FEES[1]  AGAINST
DEFENDANT**

Come Now Plaintiffs, by and through undersigned counsel, and hereby file Plaintiffs' Motion

for Attorneys' Fees pursuant to 29 U.S.C. 216(b), Southern District Local Rule 7.3 and in

support thereof states as follows:

    1.     Plaintiffs, Jorge L. Mendez and Felipe Raul La Rosa, filed this action on May 23,

2018 for unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C.

§201-216 [DE 1]. Thereafter, on July 20, 2018 Plaintiffs' Second Amended Complaint was filed

on behalf of Plaintiffs Jorge L. Mendez, Felipe Raul La Rosa, Pedro Garcia and Yoslandy San

Martin, for unpaid overtime wages under the FLSA [DE 21].

    2.     This case was, and continuous to be, tenaciously defended by Defendant in a

strikingly similar fashion to the case of *Yule v. Jones,* 766 F.Supp.2d 1333, United States District

---

[1] The Plaintiff's Motion for costs is filed separately.

1

Court, N.D. Georgia, Atlanta Division and *P&K Restaurant Enterprise, LLC.,* 758 Fed.Appx.844, in its litigious behavior of opposing counsel.

      3.     On February 12, 2020, after nearly two years of litigating this matter, the jury returned a verdict in favor of all four (4) Plaintiffs. The jury awarded the following amounts to each Plaintiff:

      a.    Yoslandy San Martin: $14,492.55 for overtime wages; he claimed approximately $15,000 for overtime (TT, Day #3, P.86, L.10-15). Therefore, the jury awarded him nearly 100% what he claimed for overtime at trial.[2] He claimed approximately $5,000 for his minimum wages (TT, Day #3, P.87, L.21-24) but was awarded zero. So, he was awarded 72% of his total wage claims including overtime and minimum wages. However, since the overtime and minimum wage claims for this Plaintiff were closely intertwined and arose from a common core of facts, no reduction in fees should occur. "The Court finds that the plaintiffs' minimum wage claims are intertwined with the plaintiffs' overtime claims and that the plaintiffs should be awarded the full fees incurred for the minimum wage claims." *Caballero v. Sum Yum Gai, Inc.*, No. 08-23018-CIV, 2011 WL 1675001, at *4 (S.D. Fla. May 3, 2011), see also See *Fornell v. Morgan Keegan & Co., Inc.,* No. 6:12–cv–38–Orl–28TBS, 2013 WL 656321, at *7 (M.D.Fla. Jan.11, 2013) (ERISA fee claimant awarded fees in pursuit of all aspects of the litigation, where claimant succeeded on four of six legal theories based on a single injury and achieved excellent results).

---

[2] The jury awarded him nothing for his minimum wage claim; he was the only Plaintiff with a minimum wage claim out of the 4 Plaintiffs.

    b. Pedro Garcia Perez: $15,096.41; he claimed $20,840.00 (TT, Day #3, P.146, L.5-16) for his overtime at trial. Therefore, he was awarded 72% of what he claimed.

    c. Jorge Mendez: $17,270.29; he claimed $23,640 for overtime at trial (TT, Day #4, P.59, L.17-21. Therefore, he was awarded 73% of his overtime claim.

    d. Felipe La Rosa: $14,009.47; he claimed approximately $20,000 for his overtime ( TT, Day #4, P.59, L.17-21. Therefore, he was awarded 70% of his claim at trial.

    4.    Moreover, a pending motion for liquidated damages under 29 USC §216(b), pursuant to binding Eleventh Circuit case law, *Alvarez Perez vs. Sanford-Orlando Kennel Club, Inc.,* 518 F.3d 1302, (11th Cir. 2008), the verdicts must be doubled due to the jury's finding of intentional/reckless conduct on the part of the Defendant. Therefore, the Plaintiffs will each receive well over 100% of their overtime wage claims as a result of this litigation. The results obtained for the Plaintiffs here are exceptional which the Court should consider as the most important factor in deciding a reasonable attorney's fee award for the Plaintiffs as discussed below.

    5.    The results obtained for the Plaintiffs are exceptional[3] based on the offers[4] that the Defendant made to resolve each of the Plaintiff's overtime wage claims pre-trial. The Defendant made to resolve each of the Plaintiff's overtime wage claims pre-trial. The Defendant's best offer to resolve each Plaintiff's FLSA claims pre-trial was as follows [see **Docket Entry 46** -- exhibits attached to this Entry]:

---

[3] When comparing each Plaintiff's doubled award of overtime under 29 USC 216B to the offer(s) Defendant made to settle these FLSA claims pre-trial, each Plaintiff is to receive approximately between five times at the low end (Jorge Mendez) to over ten times at the high end (Yoslandy San Martin) the amount offered pre-trial to each to resolve their FLSA claims.

[4] These pre-trial offers are part of the Court record in this case as the alleged "settlement agreement" that the Defendant sought to enforce disclosed these offer amounts on the Court record. Notwithstanding, confidentiality provisions are highly disfavored for FLSA claims. See *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227,1242 (MD, Fla. 2010) and *Crabtree v. Volkert, Inc.,* 2013 WL 593500 ( SD Alabama, 2013). Therefore, there is nothing improper about these settlement offers being discussed herein as they are offered for another purpose other than to reveal settlement negotiations between the Parties. In order to apprise the Court of the significant results obtained for the Plaintiffs herein, the former must be considered for axiomatic reasons.

    a.   Jorge Mendez: $7,000

    b.   Felipe La Rosa $3,500

    c.   Pedro Garcia Perez $3,500

    d.   Yoslandy San Martin  $2,000

6.     In light of the Defense's tenacious[5] litigation technique throughout this case coupled with their insistence that Defendant's detailed time records were accurate, this case boiled down to a pure credibility determination between the Parties which translated into an elevated risk for the Plaintiffs. The Defendant claimed since day #1 that its records kept on the Penguin system were accurate and that the Plaintiffs were owed zero dollars for their wage claims.

7.     The Defendant even attempted to cram a settlement down the Plaintiffs' throats that was not agreed to by the Plaintiffs. The settlement attempted to extinguish several Non-FLSA claims, as well as each Plaintiff's wage claims. This transparent attempt by Defendant to force an unrealistic and unfair settlement, resulted in protracted Motion/pleading practice and an evidentiary hearing.

8.     Plaintiffs respectfully seek attorneys' fees in the amount of **$193,679.50** as set forth *infra.*

9.     Additionally, Plaintiffs further request that upon collection of the judgment, Plaintiff's counsel be entitled to additional fees against Defendants, jointly and severally for all work related to collections, to be determined by the Court and asks the Court to retain

---

[5] "Tenacious" is the kindest word that the undersigned could choose to describe Defense Counsel's handling of this case through trial and post-trial motions. "No stone was left unturned" and no opportunity to object or disagree was overlooked by Defense Counsel for this case; a mere review of the trial transcript and the docket highlights the same. This litigation "style" has resulted in significant attorney time and costs expended on this case to date which the undersigned respectfully asks the Court to carefully consider when deciding an appropriate attorney's fee for the undersigned Firm for this case.

jurisdiction in said determination of fees and costs upon collection of the judgments. *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009)(this Court found that attorneys' fees related to collection on a final default judgment was available in FLSA cases.) and *Adams v. Mathis et. al.,* 752 F.2d 553, United States Court of Appeals, Eleventh Circuit 1985.

## MEMORANDUM OF LAW

### Plaintiffs' Request for Attorneys' Fees

In calculating a reasonable attorneys' fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See, Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984). In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of

the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

    1) **Time and Labor Required:**

The work performed throughout this case was essential in achieving the end result of Plaintiffs obtaining a favorable jury verdict and in line with the holding of *Alvarez Perez vs. Sanford-Orlando Kennel Club, Inc.,* 518 F.3d 1302 (11th Cir. 2008) Plaintiffs should recover liquidated damages in accordance with 29 USC §216(b).

    2) **The novelty and difficulty of the questions:**

In light of the Defense's tenacious litigation technique throughout this case coupled with their insistence that Defendant's detailed time records were accurate, this case boiled down to a pure credibility determination between the Parties which translated into an elevated risk for the Plaintiffs. The Defendant claimed since day #1 that its records kept on the Penguin system were accurate and that the Plaintiffs were owed zero dollars for their wage claims.

    3) **The skill required to perform the legal services properly:**

The expertise of Plaintiffs' counsel in FLSA matters was required to navigate through this case and the complex issues presented, particularly as it related to Defendant's payroll system.

    4) **The preclusion of other employment by the attorney due to acceptance of the case;**

While taking on this case did not completely prohibit Plaintiffs' Counsel from taking on other cases, the amount of time necessary to litigate this case for (4) Plaintiffs, especially in light of Defendant's tenacious approach to defending this matter, did prohibit Plaintiffs' Counsel from working on other pending matters.

5) **Customary fee in the community:**

The hourly rates charged by Plaintiffs' Counsel are the reasonable rates for attorneys with the same amount of experience in the South Florida market. See *De Armas v. Miabraz, LLC*, 12-20063-CIV, 2013 WL 4455699 (S.D. Fla. Aug. 16, 2013) (finding hourly rates of $300-$350/hr. reasonable for attorney's practicing labor and employment law for the last 7 – 9 years);*Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2 (S.D. Fla. Oct. 31, 2019) (awarding $425/hr. for attorney practicing since 1999 and $250/hr. to attorney practicing since 2015 and $150/hr to bilingual paralegal). The *Toledo* decision relied in part by a decision of this Court in *Garcia OReilly v. The Art of Freedom, Inc.*, S.D. Fla. Case No.: 17-CV-21251-WILLIAMS/LOUIS whereby this Court found $425/hr. reasonable for attorney practicing since 1999 as well as the decision of *Palacio Cruz v. Infante Security Protection, LLC*, S.D. Fla. Case No.: 18-cv-21839-GAYLES where the Court found $500/hr. reasonable for attorney practicing since 1999. The rates charged by Plaintiffs' Counsel are within the guidelines of the reasonable rates charged within the legal community.

6) **The fee is fixed or contingent;**

The fees in the present case are contingent, demonstrating the risk associated with the taking of said case by Plaintiffs' Counsel. Therefore, if Plaintiffs did not prevail, Plaintiffs' Counsel would not receive any compensation for their work on this case nor the costs incurred in litigating this case. Pursuant to S.D.L.R. 7.3(a)(4) the fee agreement calls for an hourly rate of $390/hr. or a rate that is determined as reasonable by the court or 40 percent —-whichever is greater . Costs are additional.

7) **Time limitations imposed by the client or circumstances;**

Litigating this case required excessive time and labor as opposing counsel was extremely tenacious to work with to put it mildly. Thousands of payroll documents and voluminous emails have been exchanged throughout the pendency of this case.  Opposing counsel challenged every meaningful aspect of this case pre-trial, during trial, and post-trial. A review of the docket evinces the same. A Motion to Compel was filed as opposing counsel provided incomplete responses to discovery with blanket objections. Nominal amounts were offered to resolve the Plaintiffs' FLSA claims by Defendant which forced the undersigned and Plaintiffs to go to trial.

**8)   The amount involved and the results obtained;**

Ordinarily, the amount recovered has no bearing on the fees awarded to a Plaintiff. *See Davis v. Locke,* 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting *Rivera,* 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Tyler v. Westway Auto. Serv. Ctr., Inc.,* Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005). Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972). In the instant action, the results obtained as outlined in paragraph 3 above were exceptional. Plaintiffs recovered in the range of 70 percent to 73 percent of their claims before doubling under 29 USC 216B. After doubling the overtime awards, each Plaintiff will receive well over 100% of their claims as discussed above.

The extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983). The Southern District of Florida has held that when a Plaintiff obtains excellent results, his attorneys should recover a fully compensatory fee. *Bacon v. Stiefel Labs., Inc.,* 11-20489-CIV, 2014 WL 4825279, at *6 (S.D. Fla. Sept. 25, 2014) **""the level of a plaintiff's success is relevant to the amount of fees to be awarded."** *Hensley* at 430. This Court abides by that admonition." [Emphasis added] *Bacon v. Stiefel Labs., Inc.,* 11-20489-CIV, 2014 WL 4825279, at *5 (S.D. Fla. Sept. 25, 2014). Plaintiffs achieved a significant recovery as discussed above and should be awarded a fully compensatory fee accordingly.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because a plaintiff failed to prevail on every contention raised in the lawsuit.

*Hensley at* 435 citing to *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444, at 5049 (CD Cal.1974). Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley at* 435.

### 9) <u>The experience, reputation, and ability of the attorneys;</u>

Plaintiffs' Counsel seeks attorneys' fees for J.H. Zidell, Esq., Rivkah F. Jaff, Esq., Paxton Marshall, Esq., and Natalie Staroschak, Esq. and Lisa Kuhlman, Esq. J.H. Zidell, Esq., is licensed to practice law in the State of Florida (1994) and Texas since (2010) and the United States District Court for the Southern District of Florida, the 11th Circuit Court of Appeals, U.S. District Court for the Northern District of Texas and the 5th Circuit Court of Appeals and has

tried cases, by jury[6], for hundreds of FLSA clients predominantly in Florida and some in Texas as well and his Firm has been primarily handling FLSA cases, similar to the instant lawsuit, for approximately 21 years. J.H. Zidell, Esq., has multiple published and unpublished Eleventh Circuit and Fifth Circuit Appellate decisions on various cases primarily related to the handling of FLSA cases. Attorney Rivkah Jaff, Esq. is licensed to practice law in the State of Florida (2013), the United States District Court for the Southern District of Florida (2014), the United States Court of Appeals, Eleventh Circuit (2017), and second chaired at Oral Arguments before the Panel of the Eleventh Circuit and, on a different matter, vacated the District Court's Order of dismissal and remanded a case for further proceedings (Case No.: 17-10567 (1/3/18)). Rivkah F. Jaff, Esq.[7], is also licensed to practice law in the state of New York (2014) and New Jersey (2013) and had been handling FLSA cases of this nature for in excess of four-and-a-half (4.5) years at the undersigned Firm. Neil Tobak, Esq. is licensed to practice law in the State of Florida since 2011 and has been handling FLSA cases of this nature for approximately three years. Attorney Paxton Marshall, Esq. is licensed to practice law in the State of Florida since 2006 and has been handling FLSA cases of this nature for approximately a year and a half. Attorney Natalie Staroschak, Esq. has been handling FLSA cases of this nature for approximately two and a half years. Attorney Lisa Kuhlman, Esq. is licensed to practice law in the State of Florida since 1993 and has dedicated 20 years of her professional career to handling employment and labor related cases. Lisa Novick has been a paralegal in excess of approximately eleven (11) years and has been at the undersigned Firm in the capacity as paralegal since on or about January 2017.

   10) **The "undesirability" of the case;**

---

[6] The undersigned has represented thousands of FLSA Clients since licensed in 1994 in Florida, hundreds of these Clients FLSA cases have gone to jury trial over the past 20+ years of practice.
[7] Ms. Jaff, Mr. Marshall, and Ms. Kuhlman all were Associates who worked on this case and who no longer are employed by the undersigned Firm as of the filing of this motion.

Due to the approach taken by Defendant's in defending this matter, this case would likely have been deemed undesirable by many attorneys.

**11) <u>The nature and length of the professional relationship with the client;</u>**

The nature and degree of relationship was solely for the representation of Plaintiffs in this matter.

**12) <u>Awards in similar cases</u>;**

Based on the credentials of each attorney, including the amount of time each attorney has been in practice, particularly in the area of labor and employment law, the Court should find the hourly rates to be reasonable. *See, Norman v. Hous. Auth. of Montaomerv*, 836 F.2d 1292, 1303 (1 1th Cir. 1988) (noting that the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees"). The most recent fee order which found the attorney rates requested in this fee motion to be reasonable as to J.H. Zidell and Rivkah Jaff is *Edel Leon et.al. v. M.I. Quality Lawn Maintenance , Inc.* et.al., 10-cv-20506-BECERRA (DE 428 dated **03/31/2020**, finding $390/hr.[8] current fee reasonable for JH Zidell; and $290/hr. reasonable for Rivkah Jaff ) In another recent fee order the Court awarded $390 for J.H. Zidell; $290/hr. for Rivkah Jaff, Esq., $375/hr. For Neil Tobak, Esq., $290/hr. For Lisa Kuhlman, Esq., $350/hr. for Paxton Marshall, Esq. and $285/hr. for Natalie Starochak, Esq. *See Celso Acosta v. Pajeoly Corp. et.al.,* Case 1:18-cv-23399-RNS [DE 163] entered on FLSD docket **01/10/2020**. This Court (S.D. Fla.)  has found the aforementioned attorneys' hourly rates

---

[8] In the case of *Oreilly v. The Art of Freedom, Inc. et.al.,* Case 17-cv-21251 DE109 order dated R&R dated 12.14.18, Judge Louis found that a reasonable attorney's hourly rate for attorney Brian Pollack, Esq. to be between $400/hr. and $425/hr. Mr. Pollack has been licensed in Florida since 1999—5 years *less* than JH Zidell, Esq. Therefore, it is respectfully requested that the Court consider increasing the undersigned's hourly rate to the same rates (at least) that were found reasonable for Mr. Pollack in *Oreilly,supra*.  Judge Louis has also determined that lower hourly rates should apply to the undersigned and associates in the case of *Guzman v. Mayor Realty, Inc. et.al.* case 19-cv-20193 DE39. However, *Guzman* involved an FLSA claim that was settled *without meaningful* litigation shortly after it was filed and, as a part of the settlement, the Defendant agreed to pay a reasonable attorney fee to be decided by the Court which*, in no way,* resembles what transpired in this case.

for these attorneys in a FLSA case, based on the experience each of the Plaintiff's attorneys has in this area of the law, to be reasonable and awarded said fees. *See Flores v. Wheels America Miami, Inc., et SL.,* Case No.: 13-21672-CIV-GOODMAN;*See also Perez et al. v. Anastasia M. Garcia, P.A., et al.,* Case No.: 15-20615-CIV-O'SULLIVAN; *See also, Marengo, et al. v. Doorman's Private Ride Service, Inc., et al.,* Case No.: 15-22758-CIV-OTAZO-REYES [CONSENT CASE] [DE133]. Ms. Lisa Novick, a bilingual legal assistant/paralegal who worked on this case and assisted at trial with the undersigned and who was crucial to the orderly litigation and trial presentation of this case is billed out at $125.00/hr. "With regard to the activities performed by the paralegals, the general rule is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)(district court did not err by compensating the plaintiffs for the work of law clerks and paralegals at market rates, rather than at their cost to the attorney); *Jean v. Nelson*, 863 F.2d 759, 778-80 (11th Cir. 1988)(time spent by paralegals and law clerks could be reimbursed to the extent that the work was normally done by an attorney). However, work that is primarily clerical in nature is not reimbursable. *See Knight v. Paul & Ron Enterprises, Inc.,* 2015 WL 2401504, at *8 (M.D. Fla. May 19, 2015)(work that is clerical or secretarial in nature is not recoverable). *See also Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)("The relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder.")(citation omitted). Cited by *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *1 (S.D. Fla. Aug. 7, 2017), report and recommendation adopted, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017 and finding $125/hr appropriate for a paralegal's fee) *See HPC US Fund 1, L.P. v.*

*Wood*, 2016 WL 7636373, at *2 (S.D. Fla. Apr. 22, 2016)(finding $125/hr. for a paralegal's hourly rate appropriate).

Plaintiffs rely on the Court's own expertise to establish a reasonable fee and cost award in this case. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).[9] Furthermore "[t]he court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303)." *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 45771, 8-9 (S.D. Fla. Mar. 9, 2005).

The fees sought herein, through 04/13/20, regarding Plaintiffs' claim amount to **$193,697.50**- Plaintiffs' Fee Ledger. The undersigned has reviewed all of the attorneys' fee data referenced herein in good faith, and this motion is well grounded in fact.

In the fee ledger herein the following initials refer to the following attorneys or paralegal and their rates per hour:

| Attorney | Initials On Billing Records | Hourly Rates | Total Hours Worked On The Case | Total Fees: |
|---|---|---|---|---|
| J.H. Zidell | JZ | $390/hr | 362.70 | $141,453.00 |
| Rivkah Jaff | RJ | $290/hr | 61.50 | $17,835.00 |
| Paxton Marshall | PM | $350/hr | 11.70 | $4,095.00 |
| Natalie Staroschak | NS | $285/hr | 26.10 | $7,438.50 |
| Neil Tobak | NT | $290/hr | 2.70 | $783.00 |
| Lisa Kuhlman | LK | $375/hr | 25.50 | $9,562.50 |

---

[9] "In *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11[th]Cir.1988), we discussed the standards that apply to determine hourly rates and hours expended. We defined a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). To determine reasonable hours expended, we explained a district court could use its discretion to exclude "excessive or unnecessary work on given tasks."" *Norman*, 836 F.2d at 1301. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. Ga. 1997).

| Lisa Novick (Paralegal) | LN | $125/hr | 100.10 | $12,512.50 |
|---|---|---|---|---|
| **Total** | | | | **$193,679.50** |

A "[defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

The conferral process was complied with under the local rules before this Motion was filed. Said Motion was provided to Defendant's counsel on April 14, 2020. Plaintiffs refer to the below Certificate of Conferral regarding same.

As stated, the Eleventh Circuit has gone so far to hold that "fees on fees" are compensable *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). *See also,* Judge Simonton's Order in *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1318 (S.D. Fla. 2009) awarding fees to party for filing post trial motion on fees.

## CERTIFICATE OF GOOD FAITH CONFERRAL PURSUANT TO S.D.L.R. 7.3

On April 14, 2020 Plaintiffs' Counsel provided Defendant's counsel with a copy of this motion. The parties have conferred over the last 4 weeks but have been unable to reach an agreement, therefore, the Defendant opposes this Motion.

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THAT THE COURT AWARD THE FEES CLAIMED HEREIN IN THE AMOUNT OF $193,679.50[10] PURSUANT TO 29 USC §216(B) AND LOCAL RULE 7.3 FOR THE REASONS STATED ABOVE.

---

[10] Plus the reasonable attorney's fees incurred for drafting a Reply to the Defendant's anticipated Response in Opposition to this motion to be filed as a supplemental fee request in conjunction herewith.

14

ON 5/18/20 ; J.H. ZIDELL APPEARED AND WHO IS PERSONALLY KNOWN TO ME AND AFFIRMED THAT THE CONTENTS AND ATTACHMENTS TO THIS FEE MOTION ARE CORRECT.

_____
NOTARY PUBLIC/STAMP



DAVID MARK NUDEL
MY COMMISSION # GG 022042
EXPIRES: August 19, 2020
Bonded Thru Notary Public Underwriters

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Tel: (305) 365-6766
Email: Zabogado@aol.com

By:___/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number 10121

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion for Fees was served via CM/ECF to Laura E. Prather, Jackson Lewis P.C., 100 South Ashley Drive, Suite 2200, Tampa, Florida 33602, email: laura.prather@jacksonlewis.com and to Ashwin Robert Trehan, Esq., Jackson Lewis P.C., 100 South Ashley Drive, Suite 2200, Tampa, Florida 33602, email: Ashwin.trehan@jacksonlewis.com on this 18th day of May, 2020.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Tel: (305) 865-6766
Email: Zabogado@aol.com

By:__/s/ *J.H. Zidell* _____
    J.H. Zidell, Esq.
    Florida Bar Number: 10121