UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-22059-CIV-LOUIS

**CONSENT CASE**

JORGE L. MENDEZ, FELIPE RAUL LA ROSA, PEDRO GARCIA PEREZ, YOSLANDY SAN MARTIN and all others similarly situated under 29 U.S.C. 216(b)

     Plaintiffs,
vs.

INTEGRATED TECH GROUP, LLC

     Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF TOTAL LEGAL HOURS AND BILLING RATE(S) INCURRED BY DEFENDANT**

COME NOW THE PLAINTIFFS, though Counsel, and state;

1. During the conferral process in relation to Plaintiffs' Motion for Attorney's fees pursuant to 29 USC 216(B) for having prevailed on their overtime claims, the Defendant and their Counsel oppose the amount of fees request by the undersigned Firm on behalf of the Plaintiffs.

2. During the conferral process and in response to Defendant's objection to the amount of fees requested by the undersigned Firm, the undersigned requested that the Defendant's Counsel disclose the total amount that the Defense Firm has billed the Defendant for this case so that a comparison could be made between the former and latter in a good faith attempt to at least try to resolve the same. Defendant's Counsel refused to voluntarily

   disclose their billing records (redacted as to privileged information) and refused to, at a minimum, disclose their Firm's total hours spent on this case and total billing.

3. As discussed below, this information is relevant to the determination of a reasonable attorney fee amount for the Plaintiffs. The Defendant and their Counsel should be required to disclose their billing records (redacted as to privileged content) or, at a minimum, file an affidavit as to the total hours billed to date and the billing rate(s) applicable to the same for the reasons explained below.

**MEMORANDUM:**

This case involves (4) Plaintiffs which was litigated tenaciously by Defense Counsel and which culminated in a 5 day jury trial. As discussed below[1], the Defense billing records or an affidavit as to the total hours billed and the billing rates applied to the same would assist the Court in determining a reasonable attorney's fee for the undersigned for this case. This Motion is filed specifically as a result of the *Defendant's objection*[2] to the amount of attorney's fees requested by the undersigned as evidenced in the billing records attached to the Plaintiffs' Motion for Attorney's fees.

"He contends that because the district court was having trouble concluding whether or not these hours were reasonable, it would have been appropriate in this particular instance at least to allow discovery of the hours spent and billed by CB & T's lawyers during the litigation. He does not allege that the number of hours spent by CB & T's lawyers will conclusively prove or disprove

---

[1] In addition to the Federal cases supporting this request, Florida state law supports the same as well when the amount of the movant's fees is contested by the opposing party. See
*Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047, 1052 (Fla. 2016) ("The hours expended by the attorneys for the insurance company will demonstrate the complexity of the case along with the time expended, and may belie a claim that the number of hours spent by the plaintiff was unreasonable, or that the plaintiff is not entitled to a full lodestar computation, including a multiplying factor.").

[2] Like every other matter that has transpired in this case to date of any import, Defense Counsel unsurprisingly objects to the amount of fees requested by the Undersigned Firm.

the reasonableness of his petition, but rather that it will provide the court with additional information to use in evaluating the petition.

In light of the concerns the district court expressed regarding the reasonableness of the hours claimed in Henson's petition, it would seem most appropriate for the court to have allowed discovery of the evidence in question. While the concerns noted earlier regarding the relevancy of evidence of the other side's hours and fees are still prevalent, the trial judge may consider them as going to the weight of the evidence rather than its discoverability and admissibility. Because there was a particular need for evidence in this case and because the defendant here has contested the reasonableness of the plaintiff's petition, we find that the district court abused its discretion in refusing to allow Henson discovery of CB & T's records concerning hours expended and fees paid. We therefore remand with instructions that the district court compel discovery of the hours expended by CB & T's lawyers and hold an additional hearing to reconsider Henson's fee petition." Henson v. Columbus Bank & Tr. Co., 770 F.2d 1566, 1575 (11th Cir. 1985)

"The decision to grant such discovery is within the Court's discretion, and a key issue in determining whether such discovery should be permitted is the "ability [of the Court] to decide the reasonableness of requested hours without it." *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 803 (11th Cir. 2012);[4] *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985) (finding that trial court abused its discretion by refusing discovery of hours spent preparing a defense where litigation was protracted and court had doubt as to the movant's billing amount claimed.)

 "The general principle underlying these divergent results seems to be that whether such

information is discoverable depends on the nature of the objections raised to the fee request. Where the opposing party challenges the reasonableness of the rate or hours charged by the moving party's counsel, courts are more likely to find that evidence of the nonmoving party's *669 counsel's fees are relevant and discoverable. *See State of New York v. Microsoft Corp.,* No. 98–1233, 2003 WL 25152639, at *2 and n. 3 (D.D.C. May 12, 2003) (stating that "some of the cases explicitly note that ' [w]hether discovery is appropriate depends, in part, on the objections raised by the opponent to the fee petition going to the reasonableness of the fee petition' ") (quoting *Murray v. Stuckey's Inc.,* 153 F.R.D. 151, 152–53 (N.D.Iowa 1993)) (collecting cases); *see, e.g., Pollard,* 2004 WL 784489, at *3 (stating that because "DuPont objected to the excessiveness of the fees requested in the fee petition for the preparation of the fee petition ..., it appears that DuPont's own counsel's time spent in preparing a response to Pollard's petition for fees would serve as a logical yardstick from which to determine the reasonableness of such time expended by the plaintiff's counsel"). Mendez v. Radec Corp., 818 F. Supp. 2d 667, 668–69 (W.D.N.Y. 2011)

In , Mendez v. Radec Corp., 818 F. Supp. 2d 667, 668–69 (W.D.N.Y. 2011), the District Judge succinctly stated why this requested information is helpful to deciding the amount of a contested fee request "I recognize that there may be significant differences in the ways that plaintiffs' counsel and defense counsel litigate a case, and that this could cause a disparity between *670 the two sides' respective hours and hourly rates. Such a disparity would not necessarily mean that one side's fees were necessarily unreasonable or excessive. Such considerations, however, are best taken into account in determining the weight to be given to defense counsel's billing records, and do not render them non-discoverable. *See Serricchio v. Wachovia Securities, LLC,* 258 F.R.D. 43, 45 (D.Conn.2009) ("the better approach is to permit

discovery of an opponent's billing records and then, in comparing the work performed by each side's attorneys, regard differences in the parties' burdens and incentives as relevant to the weight of the records, not whether the records are discoverable"). *See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 184 (2d Cir.2008) (stating that "in determining what a reasonable, paying client would be willing to pay," a court may consider "the resources required to prosecute the case effectively) (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics"); *Henson v. Columbus Bank & Trust Co.,* 770 F.2d 1566, 1574–75 (11th Cir.1985) (noting that "the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically," but holding that it was an abuse of discretion for district court not to allow discovery of defendant's billing records, where defendant had "spiritedly contested[3] Henson's claims at every stage, including the reasonableness of his petition for attorneys' fees"). The Plaintiffs request that the Defense Firm's billing records and total amount billed to the Defendant in this case to date be produced within 10 days of the ruling on this motion. Alternatively, at a very minimum, the Plaintiffs request that the Court fashion/enter the same[4] or similar order to the Defendant's Counsel as the one below taken from the *Vergara, infra*.[5] case.

> ORDER requiring defense counsel to submit an affidavit in connection with the Response 117 opposing Plaintiffs' Motion for Attorney's Fees and Costs (DE# 116). In its Response, Defendant objects to the hourly billing rates used by Plaintiffs in their motion. Local Rule 7.3(a)(9) requires counsel for a party objecting to an hourly rate to submit an

---

[3] Exactly like what transpired herein.
[4] With different compliance date(s), of course.
[5] This case involved 5 Plaintiffs who went to jury trial with overtime and retaliation claims brought under the FLSA.

affidavit giving its firm's hourly rates for the matter. Defense counsel shall file the requisite affidavit by 5:00 p.m. on April 14, 2011. In addition to listing the hourly rates of each timekeeper, the affidavit shall list, in summary fashion, the total number of hours each timekeeper spent on the defense side of the case. No response from Plaintiffs will be permitted. Likewise, defense counsel is to submit an affidavit containing only the information mentioned in this Order -- no explanations, memos, arguments or supplemental information may be provided. Signed by Magistrate Judge Jonathan Goodman on 04/07/2011.(JG) (Entered: 04/07/2011) See DE#119 from case of  Vergara v. Davis Bancorp, Inc., No. 10-21746-CIV, 2011 WL 666169, (S.D. Fla. Feb. 14, 2011)

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THAT THE COURT enter an order compelling the billing documentation requested above within 10 days of ruling on this Motion.

**CERTIFICATE OF GOOD FAITH CONFERRAL PURSUANT TO S.D.L.R. 7.3**

On April 14, 2020 Plaintiffs' Counsel provided Defendant's counsel with a copy of this motion. The parties have conferred over the last 4 weeks but have been unable to reach an agreement; therefore, the Defendant opposes this Motion.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Tel: (305) 365-6766
Email: Zabogado@aol.com

By:__/s/ *J.H. Zidell* _____
   J.H. Zidell, Esq.
   Florida Bar Number: 10121

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion for Costs was served via CM/ECF to Laura E. Prather, Esq., Jackson Lewis P.C., 100 South Ashley Drive, Suite 2200, Tampa, Florida 33602, email: laura.prather@jacksonlewis.com and Ashwin Robert Trehan, Esq., Jackson Lewis P.C., 100 South Ashley Drive, Suite 2200, Tampa, Florida 33602, email: Ashwin.trehan@jacksonlewis.com on this 18th day of May.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Tel: (305) 865-6766
Email: Zabogado@aol.com

By:__/s/ *J.H. Zidell* _____
   J.H. Zidell, Esq.
   Florida Bar Number: 10121