UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22059-CIV-LOUIS

JORGE L. MENDEZ, FELIPE
RAUL LA ROSA, PEDRO
GARCIA PEREZ, and
YOSLANDY SAN MARTIN,

  Plaintiffs,

v.

INTEGRATED TECH GROUP, LLC,

  Defendant.
_____/

## ORDER

  **THIS CAUSE** comes before the Court upon Plaintiffs Jorge L. Mendez, Felipe Raul La Rosa, Pedro Garcia Perez and Yoslandy San Martin's Renewed Motion to Tax Costs (ECF No. 220) and Amended Verified Motion for Attorneys' Fees (ECF No. 223).[1] A hearing was held on these motions on October 20, 2020. The Court has reviewed and considered the motions, the accompanying pleadings, the record, and is otherwise duly advised on the matters. For the reasons stated below, Plaintiffs' Renewed Motion to Tax Costs is **GRANTED**, and Plaintiffs' Amended Verified Motion for Attorneys' Fees is **GRANTED, in part**.

---

[1] Plaintiffs filed two previous motions seeking an award of costs (ECF Nos. 196; 220) and a previous motion seeking an award of attorneys' fees (ECF No. 195). Plaintiff has acknowledged that all costs and fees being sought are reflected in the two motions before this Court (ECF Nos. 220; 223). Despite Defendant's contention that the timeliness of the previous motions should be considered, which is addressed below, the Court finds that the previous motions have been rendered moot by the filing of Plaintiffs' Renewed Motion to Tax Costs (ECF No. 220) and Amended Verified Motion for Attorneys' Fees (ECF No. 223).

1

## I.  BACKGROUND

This action arose under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), alleging claims of unpaid overtime wages, and in Plaintiff San Martin's case, of an alleged unpaid minimum wage claim. Plaintiffs were all cable technicians or installers for Defendant Integrated Tech Group, LLC ("ITG"). ITG is a contractor of the cable company Comcast that supplies the installation and repair of cable boxes. After a five-day trial, the jury returned a verdict in Plaintiffs' favor, finding that Defendant had failed to pay each of the Plaintiffs for overtime hours worked, and that Defendant willfully violated the FLSA (ECF No. 145). The jury did not find that Defendant failed to pay Plaintiff San Martin the required minimum wage (*id*.).

Final Judgement totaling $60,868.72 was entered against Defendant on February 13, 2020 (ECF No. 148). That same day, Plaintiffs filed a motion to amend the judgment to include liquidated damages pursuant to 29 U.S.C. § 216(b) (ECF No. 149). A response (ECF No. 158) and reply (ECF No. 161) were subsequently filed to Plaintiffs' motion to amend judgement. Plaintiffs then filed a motion for bill of costs on March 2, 2020, seeking $17,394.79 in costs (ECF No. 162). Between the dates of March 11th and 16th, Defendant filed a renewed motion for judgement (ECF No. 163), a motion for a new trial pursuant to Rule 59 of the Federal Rule of Civil Procedure (ECF No. 164), a motion to stay judgment (ECF No. 165), and a response in opposition to Plaintiffs' motion for bill of costs (ECF No. 166).

Plaintiffs' motion for an amended judgment was granted, and an amended judgement was entered on June 5, 2020 (ECF Nos. 201; 204). The following week, the Court denied Defendant's renewed motion for judgment (ECF No. 206). Defendant's motion for a new trial was also denied on June 9, 2020 (ECF No. 207).

Plaintiffs filed their first motion for attorney's fees (ECF No. 195) on May 18, 2020, after Defendant had moved for a new trial. That same day, Plaintiffs also filed a second motion to tax costs (ECF No. 196), which adjusted for the additional costs that had since been incurred in the case, and which purported to take out many of the costs objected to by Defendant in response to their March 2nd Bill of Costs.[2] Plaintiffs subsequently filed the instant Renewed Motion to Tax Costs (ECF No. 220) and Amended Motion for Attorneys' Fees seeking $210,683.50, which include additional fees incurred after filing the first motion for fees (ECF No. 223). Defendant filed responses opposing both the Renewed Motion to Tax Costs (ECF No. 227) and the Amended Motion for Attorneys' Fees (ECF No. 230).

## II. DISCUSSION

### A. Timeliness of The Motions

Defendant opposes any award of costs or fees to Plaintiffs on the ground that their motions were not filed within the timeframe prescribed by the Local Rules. Local Rule 7.3 provides that a motion for attorneys' fees or costs shall be "filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L.R. 7.3(a)(1).

As set forth above, Plaintiffs' initial motion for bill of costs (ECF No. 162) was filed on March 2, 2020, less than 60 days after the initial judgment was entered on February 13, 2020. Plaintiffs' second motion to tax costs (ECF No. 196) and initial motion for attorneys' fees (ECF No. 195) were filed on May 18, 2020, prior to the Court's ruling on Defendant's Rule 59 motion for a new trial but more than 60 days after the initial judgment was entered. Plaintiffs argue that

---

[2] Plaintiffs also filed a motion to ratify the previously filed motions for attorney's fees and costs as timely (ECF No. 208). Plaintiffs' counsel acknowledged at the hearing on the motions the absence of authority for such a motion and it is denied.

the Motions were timely because the pendency of Defendant's motion for new trial tolled the time to file under the Local Rule.

The Eleventh Circuit has held that certain post-trial motions "operate to suspend the finality of the district court's judgment pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 805 (11th Cir. 2011) (citation omitted). Under *Galdames*, a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure suspends the finality of the district court's judgment. *Id.* (holding that defendant's "timely Rule 59 motion extended [p]laintiffs' deadline for requesting attorneys' fees" and finding that because "Plaintiffs filed their motion before the court's [ ] denial of defendant's post-trial motion, it was necessarily timely"). This suspension of finality was also addressed *Cobra Int'l, Inc. v. BCNY Int'l, Inc*, 702 F. App'x 994 (Fed. Cir. 2017). There, the court upheld the district court's ruling that a motion for sanctions was not timely filed, and that the period proscribed under Local Rule 7.3 to file a sections motion was not tolled by the filing of a motion for reconsideration. *Id.* at 996. However, the court noted that there was no conflict in the ruling with *Galdames*, because *Galdames* involved a Rule 59 motion for new trial, not a motion for reconsideration. *Id.*

Defendant has argued that the ruling in *Galdames* is not applicable because Local Rule 7.3 has since been amended to add the language specifying that the 60-day deadline applied "regardless of the prospect or pendency of supplemental review or appellate proceedings." Defendant's argument relies solely on *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, No. 05-CV-61225-KAM, 2016 WL 7486721, at *1 (S.D. Fla. June 23, 2016), *aff'd sub nom. Cobra Int'l, Inc. v. BCNY Int'l, Inc*, 702 F. App'x 994 (Fed. Cir. 2017), which again, was differentiated from *Galdames* on appeal not on the basis that the Local Rule had since changed but rather on the nature of the pending

4

motion (one for sanctions) as compared to a motion for new trial under Rule 59.

Even so, I find Plaintiffs' reliance on *Galdamas* in believing they timely filed their motions for fees and costs was reasonable, especially in light of the more recent *Cobra* opinion, which was entered after the Local Rule had changed, and which recognized and differentiated the *Galdames* decision without disagreeing with it. *See Cobra Int'l, Inc*, 702 F. App'x at 996. Thus, I find that the Local Rule will not bar determination on the merits of the latest amended and renewed motions for fees and costs, which relate back to the initial filings. *See Morris v. Arizona Beverage Co*., No. 03-60907 CIV, 2005 WL 5544961, at *8 (S.D. Fla. Feb. 9, 2005) ("[T]he Court has discretion whether to require strict adherence to Local Rule 7.3 . . . ."); *Maale v. Kirchgessner*, No. 08–80131–CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011) ("Strict compliance with the Local Rules is always preferred and non-compliance may warrant appropriate sanctions; however, . . . it is properly within the Court's discretion to determine that the limited non-compliance did not warrant denial of the entire motion for attorney's fees."); *Kowalski v. Jackson Nat. Life Ins. Co*., No. 12-60597-CIV, 2014 WL 4101567, at *4 (S.D. Fla. Aug. 20, 2014) (finding it was not mandatory for the court to deny a motion for attorneys' fees due to non-compliance with Local Rule 7.3)*; Tobinick v. Novella*, 884 F.3d 1110, 1120 (11th Cir. 2018) (finding the district court did not abuse its discretion in allowing defendant to file an omnibus motion for fees without adhering to some of the procedural requirements under local rules).

### B. Renewed Motion to Tax Costs

Plaintiffs seek costs in the amount of $16,884.25, which were incurred in the prosecution of this case (ECF No. 220). This includes a $400.00 filing fee; service and subpoena fees totaling $730.00; transcript and deposition fees totaling $5,984.25; witness fees totaling $520.00; and interpreter costs totaling $9,250.00.

The FLSA entitles a prevailing party to recover "costs of the action." 29 U.S.C. § 216(b). Rule 54 of the Federal Rules of Civil Procedure likewise provides that costs, other than attorneys' fees, shall be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1). As with Rule 54, a cost award under the FLSA is limited to those costs enumerated in 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by limitations set out in Section 1920). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§ ]1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008). Once a prevailing party shows costs are allowable under § 1920, it is the opposing party that must rebut the presumption favoring the award by presenting a rationale under which costs should not be allowed. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

As an initial matter, Defendant opposes Plaintiffs' renewed motion because the original motion for bill of costs failed to comport with Local Rule 7.3 for it was not supported by a

memorandum. The original motion was denied as moot (*see* ECF No. 200), and the renewed motion is supported by memorandum.

Defendant also argues that the Court should deny Plaintiffs' renewed motion because the issue in the underlying litigation was close and complex. In making this argument, Defendant relies on cases in which motions for fees and costs were brought pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, not the FLSA. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (affirming an award of costs but noting that the "presentation of issues that are close and difficult" is a "circumstance[] in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party."); *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (finding "the reasons that the district court gave for refusing to award costs in this case were appropriate under Rule 54(d)(1)"); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 733 (6th Cir. 1986) (upholding "a discretionary denial of costs under Rule 54(d)"); *Zia v. Med. Staffing Network, Inc.*, 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (denying plaintiff's request for an award of costs and attorney's fees associated with the removal of a securities class action); *Medina v. Cty. of San Diego*, No. 08-CV-01252-BAS-RBB, 2017 WL 960403, at *1 (S.D. Cal. Mar. 13, 2017) (discussing the circumstances under which it may be inappropriate or inequitable to award costs under Federal Rule of Civil Procedure 54(d)(1)). However, unlike Rule 54, the award of fees and costs under the FLSA is not discretionary; "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Nor does the Court find that there was a close and complex issue of law. Thus, all that is left for the Court to determine is which sought after costs Plaintiffs are entitled to.

### i.     Fees of the Clerk

Defendant is entitled to the full amount request for fees of the clerk and dockets fees under 28 U.S.C. § 1920. Thus, the undersigned finds that Plaintiffs are entitled to an award of $400.00 for fees of the clerk, which covers the filing fee for filing the Complaint (ECF Nos. 1; 220-2 at 1).

### ii.     Fees for Service of Summons and Subpoenas

As to fees for service of summons and subpoenas, Plaintiffs seek reimbursement for two service of summons charges for the initial and amended complaint at $65.00 each and charges for 15 subpoenas at $40.00 each, totaling $730.00 (ECF Nos. 220 at 3-4; 220-2 at 3-4, 15-22). 28 U.S.C. § 1920(1) includes costs that were charged by a private process server so long as they do not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017). As none of the charges sought exceed $65.00, and Defendant does not challenge these charges, the Court finds Plaintiffs are entitled to $730.00 to cover the fees for service of summons and subpoenas.

### iii.     Fees for Transcripts

Plaintiffs seek a total of $5,984.25 in costs for printed or electronically recorded transcripts necessarily obtained for use in the case, which Plaintiffs break down as follows: $290.00 appearance fee for the deposition of Gissel Rivera; $322.50 appearance fee for the deposition of Nelson Cruz & N. Bernal; $200.00 appearance fee for the depositions of Yandy Sanchez and Heriberto Duro; $1,034.00 for the deposition of Katie Tisdale; $257.85 for the deposition transcript of Katie Tinsdale; $648.40 for the deposition transcripts of Nelson Cruz and Nathalie Bernal; $364.50 for the deposition transcript of Yoslandy Martin; $294.50 for the deposition transcript of

Pedro Garcia; $256.00 for the deposition transcript of Felipe Raul La Rosa; $326.00 for the deposition transcript of Jorge Mendez; $228.00 for the deposition transcript of Yandy Sanchez; $634.50 for the deposition transcript of Gissel Rivera; and $1,128.00 for the trial transcript.

The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). "Because the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). Defendant raises issue with the costs incurred for the transcripts of Nathalie Bernal and Yandy Sanchez because they did not testify at trial, but Plaintiff's election not to call these witnesses at trial does not, standing alone, demonstrate that it was not necessary to depose them. Because Defendant has failed to meet its burden, the Court will consider all listed transcripts as being necessarily obtained for use in the case.

Even if a transcript was necessarily obtained, not all deposition costs are recoverable; miscellaneous costs associated with deposition transcripts, such as expedited delivery of transcripts or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013). Defendant raises no issues as to any specific charges, other than those charges related the depositions of Bernal and Sanchez

9

addressed above, and the Court sees no miscellaneous fees within the transcript invoices that were incurred for convenience of counsel. Thus, Plaintiffs are entitled to $5,984.25 in costs for printed or electronically recorded transcripts necessarily obtained for use in the case.

### iv.     Witness Fees

Plaintiffs seek a $40.00 fee for 13 different witness appearances, totaling $520.00. Specifically, they seek fees for the following witnesses: Heriberto Duro (both on October 17, 2018, and at trial); Tomas Martinez; Jose Salazar; David Hernandez; Ulises Betancourt; Eduardo Casanova; Victor Del Sol; Jose A. Hernandez; Yandy Sanchez; Nelson Cruz; Natalie Bernal; and Gissel Rivera. Witness fees are taxable costs under 28 U.S.C. § 1920, but recovery of witness fees is limited by 28 U.S.C. § 1821 to $40.00. *See Brook v. United States*, No. 08-60314-CIV, 2009 WL 2257619, at *5 (S.D. Fla. July 29, 2009) (reducing lay witness fees to the statutory limit of $40.00 per witness, per day).

While Defendant does not contest the rate, it claims that five of the listed trial witnesses (Nathalie Bernal, Yandy Sanchez, Heriberto Duro, David Hernandez, and Victor Del Sol) never testified at trial and thus Plaintiffs should not be entitled to a witness attendance fee for these five individuals. However, that is not the law; "reasonable fees are taxable for witnesses who do not testify at trial." *Sauvage v. Snow*, No. 8:02-CV-373-T-TGW, 2006 WL 4847687, at *1 (M.D. Fla. Mar. 31, 2006); *see also Fernandez v. Elder Care Option, Inc.*, No. 03-21998-CIV, 2006 WL 8445932, at *2 (S.D. Fla. June 9, 2006), *report and recommendation adopted*, No. 03-21998-CIV, 2006 WL 8445933 (S.D. Fla. July 3, 2006) (finding a witness fee for a witness that was ultimately not called to testify properly taxable). Thus, the Court finds Plaintiffs are entitled to $520.00 for witness fees.

### v.     Interpreter Costs

Plaintiffs seek reimbursement for interpreter costs totaling $9,250.00: $300.00 for an interpreter for Nelson Cruz & Natalie Bernal; $100.00 for an interpreter for the deposition of Yandy Sanchez and Heriberto Duro; and $8,850.00 for the interpreters hired for trial (which excludes any parking charges). 28 U.S.C. § 1920(6) provides that the "compensation of interpreters" is a taxable cost. However, Defendant argues that the interpreter rates should be limited to those prescribed by the schedule of fees under 28 U.S.C. § 1827, not the hourly rate of $100.00 - $150.00 Plaintiffs paid. The Court disagrees.

Section 1827, which applies to "proceedings instituted by the United States," is inapplicable to this case. The hourly rates Plaintiffs seek to recover for their interpreters have been found reasonable in this District. *See Pinilla v. Northwings Accessories Corp*., No. 07-21564-CIV, 2008 WL 11331788, at *7 (S.D. Fla. Mar. 4, 2008*), report and recommendation adopted*, No. 07-21564-CIV, 2008 WL 11331782 (S.D. Fla. Mar. 21, 2008) (finding "that $130.00 per hour is a reasonable rate for an interpreter" to be recovered by the prevailing party). Defendant further argues that Plaintiffs have failed to show that two interpreters at trial were necessary, but as explained in Plaintiffs' reply, it is the regular and non-negotiable policy of federal court translators to work in pairs for trial in this District (ECF No. 231 at n.8). Defendant also claims that Plaintiffs failed to show that the interpreter at the deposition of Yandy Sanchez and Heriberto Duro was necessary. Once again, Defendant has not met its burden of rebutting the presumption of entitlement to these costs that are otherwise allowed under 28 U.S.C. § 1920(6). Thus, the Court finds Plaintiffs are entitled to $9,250.00 for interpreter costs.

For the forgoing reasons, the Court finds that Plaintiffs are entitled $16,884.25 for costs incurred in the prosecution of this case. This includes a $400.00 filing fee; service and subpoena fees totaling $730.00; transcript and deposition fees totaling $5,984.25; witness fees totaling

$520.00; and interpreter costs totaling $9,250.00.

### C. Amended Verified Motion for Attorneys' Fees

In their Amended Verified Motion for Attorneys' Fees, Plaintiffs seek reimbursement for fees totaling $210,683.50 (ECF No. 223). Defendant opposes this total, based not only on the timeliness of the motion as previously addressed, but also avers that fees should be reduced for inflation, block billing, failure to exercise billing judgment, and billing for paralegal and clerical work (ECF No, 230).

It is well established that a prevailing FLSA plaintiff is entitled to an award of reasonable attorney's fees. *Medrano v. Mi Colombia Bakery, Inc*., No. 11-23916-CIV, 2013 WL 1748403, at *1 (S.D. Fla. Jan. 10, 2013) (citations omitted); *see also* 29 U.S.C. § 216(b). "The statutory purpose of the fee provision incorporated into the FLSA is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Medrano*, 2013 WL 1748403, at *1 (citation omitted). As with costs, the granting of attorneys' fees to prevailing plaintiffs under the FLSA is not discretionary; it is required. *See id.* ("an award of attorneys' fees to the Plaintiff, who prevailed at trial, is mandatory under the FLSA"); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

To arrive at a reasonable fee award, our Circuit adopted the lodestar method to determine an award of attorney's fees, which is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The determination of reasonableness lies in

the discretion of the trial court. *Id*. at 1301.

### i.     **Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1299. The fee applicant bears the burden of providing satisfactory evidence of the market rate, which may include direct evidence from other legal practitioners in the relevant legal community familiar with the type of legal service provided and the prevailing market rate for such work. *Id*. The fee applicant's burden includes submitting "specific and detailed evidence" from which the court can determine the reasonably hourly rate as well as billing records that reflect the time spent on different claims, and "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman*, 836 F.2d at 1303); *see also* S.D. Fla. L.R. 7.3(a).

In determining the prevailing markets rates, courts consider "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases." *See Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *9 (S.D. Fla. Mar. 31, 2010) (quoting *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)). Here, Plaintiffs seek an hourly rate of $390.00 for attorney J.H. Zidell; $290.00 for attorney Rivkah Jaff; $350.00 for attorney Paxton Marshall; $285.00 for attorney Natalie Staroschak; $290.00 for attorney Neil Tobak; $375.00 for attorney Lisa Kuhlman; and $125.00 for paralegal Lisa Novick.

Defendant does not challenge the reasonableness of the hourly rates charged by Plaintiffs' counsel.

The Court is familiar with lead counsel J.H. Zidell, who has been practicing law since 1994 and has appeared in thousands of FLSA cases (*id*. at n.7). The Court is also familiar with the associates that have assisted Mr. Zidell from this case and others. This was also a contingency case, which required specialized skilled knowledge. Given the experience and skill of counsel, the nature of the case and the Court's familiarity with rates in the market, and considering the absence of challenge by Defendant to the hourly rates, I find the rates to be reasonable. *See Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2 (S.D. Fla. Oct. 31, 2019) (finding rates of $425.00 an hour for attorney practicing since 1999, $250.00 an hour attorney practicing since 2015 and $150.00 an hour to an experienced paralegal to be reasonable).

### ii. Hours Reasonable Expended

Next, the Court must determine the number of hours reasonably expended on behalf of Plaintiffs on the prevailing claims. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. If a request for attorneys' fees is unreasonably high, due to excessive time or other billing errors, a court may either reduce the number of hours by conducting a line analysis or by applying an across-the-board cut; once the court deems the hours expended on any task reasonable, it cannot further reduce by subjecting those hours to an across the board cut. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

The party opposing fees also has an obligation to provide specific and precise objections concerning hours that should be excluded. *Barnes*, 168 F.3d at 427 (stating that objections from

fee opponents must be specific and "reasonably precise"); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). Generalized statements that the time spent was unnecessary or unreasonable are not particularly helpful and not entitled to much weight. *Id.*; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

Plaintiffs advance over 630 hours of time incurred over the course of roughly two years. Defendant challenges the number of hours incurred by Mr. Zidell, at his partner rate, for tasks that Defendant argues could have been performed by less experienced associates at a lower hourly rate.[3] Defendant advances as support *Clifford v. Trump*, No. CV1806893SJOFFMX, 2018 WL 6519029, at *5 (C.D. Cal. Dec. 11, 2018),[4] where the court found the total number of hours to be excessive, in part, because the firm could have made greater use of the three highly qualified associates staffed on the case. It bears noting that the associates in that case billed an hourly rate at or above Mr. Zidell's rate ($335.00–$555.00). Nor can Defendant plausibly argue that Mr. Zidell's personal efforts here were inefficient or unnecessary, as he tried the case, assisted in court only by his paralegal. The Court finds the work Mr. Zidell performed to be reasonable under these circumstances.

Having reviewed Plaintiffs' invoices and time diaries, the Court does agree with Defendant that there should be a reduction of time for the billing of clerical work. For example, the requested

---

[3] Defendant also raises issue with block billing but fails to identify any specific time entry it disputes on this ground.

[4] Defendant also relies on *Costa & Grissom Mach. Co., Inc. v. Qingdao Giantway Mach. Co.*, No. 1:08-CV-2948-CAP-WEJ, 2010 WL 11437876, (N.D. Ga. Jan. 29, 2010), *report and recommendation adopted*, No. 1:08-CV-2948-CAP, 2010 WL 11437877 (N.D. Ga. June 1, 2010) and *Corn v. City of Lauderdale Lakes*, *rev'd in part on other grounds*, 794 F. Supp. 364 (S.D. Fla. 1992). Neither of these cases suggest that certain work should be performed by associates as opposed to partners.

fees include time for entering deadlines into an internal Google calendar (ECF No. 223-2 at 4) and for hole punching documents and placing them in a binder (*id*. at 20); such fees are not recoverable. *See Gonzalez v. Yoblendz Int'l, LLC*, No. 15-61678-CIV, 2016 WL 9225573, at *1 (S.D. Fla. June 20, 2016) ("It is well-established that clerical work such as coordinating schedules and housekeeping matters are not to be included in an attorney's fee award, even if an attorney conducted those tasks."); *Williams v. R.W. Cannon, Inc*., 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009) (finding that paralegal fees can be recovered for work traditionally done by an attorney, but not for clerical work).

The Court also finds that additional fee reductions are warranted based on time entries that are too vague to determine the necessity of the task; for example, a time entry that merely states "[r]eview and edit" (ECF No. 223-2 at 19). Time will additionally be reduced to remove duplicative time entries such as multiple lawyers billing for attending of the same evidentiary hearing (*id.* at 17); and time incurred for the preparation of the Motion to Ratify fees and costs, which was not procedurally sound or reasonably incurred. Finally, with the exception of time incurred in preparing for and attending depositions, I have not awarded time incurred by attorney Natalie Staroschak, whose very limited appearance on the file did not contribute unique efforts not otherwise completed by other attorneys who worked on the same tasks. Based on these fee reductions, the Court finds that Plaintiffs are entitled to recover the following:

| Attorney | Rate | Hours | Fees |
| --- | --- | --- | --- |
| J.H. Zidell | $390.00/hr | 401 | $156,390.00 |
| Rivkah Jaff | $290.00/hr | 55.1 | $15,979.00 |
| Paxton Marshall | $350.00/hr | 6.9 | $2,415.00 |
| Natalie Staroschak | $285.00/hr | 9.3 | $2,650.50 |
| Neil Tobak | $290.00/hr | 2.7 | $783.00 |

| Lisa Kuhlman | $375.00/hr | 21.7 | $8,137.50 |
| Lisa Novick | $125.00/hr | 90.4 | $11,300.00 |
| **TOTAL** | | | **$197,655.00** |

### III.   CONCLUSION

For the forgoing reasons, it is hereby **ORDER AND ADJUDGE** that Plaintiffs' Renewed Motion to Tax Costs (ECF No. 220) is **GRANTED**, and Plaintiffs' Amended Verified Motion for Attorneys' Fees (ECF No. 223) is **GRANTED, in part**. Plaintiffs shall be awarded a total of $16,884.25 in costs and $197,655.00 in attorneys' fees, for which sum let execution issue.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 20th day of November, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE